LORE PALAMONE, PETITIONER-RESPONDENT, v. PATER-
SON BOARD OF EDUCATION, RESPONDENT-APPEL-
LANT.

Superior Court of New Jersey
Appellate Division

Argued September 26, 1977—Decided October 19, 1977.

Before Judges CONFORD, MICHELS and PRESSLER.

*Mr. Hugh J. O'Gorman* argued the cause for respondent-appellant (*Messrs. Cunneen and O'Gorman,* attorneys; *Mr. Raymond L. Cunneen* on the brief).

*Mr. Marvin Pincus* argued the cause for petitioner-respondent (*Messrs. Miller and Pincus,* attorneys).

PER CURIAM. This is a "heart" workers' compensation case wherein the judge of compensation found causal connection between the worker's employment and his death. The case is indeed a close one, but we are satisfied the award should be sustained as based upon substantial credible evidence in the record.

The decedent was a school teacher. He was unquestionably in the throes of a severe coronary attack when he went to work as a school teacher early on the morning of May 15, 1973.[1] After some time at his duties, he went to the school parking lot about 11:00 A.M., apparently to go to the doctor, as he was not feeling well. Another person driving a car in the lot saw decedent's car coming directly toward him, decedent appearing to be leaning, or slumped, against the

---

[1] Another claim of petitioner, that decedent's heart condition was caused by emotional problems arising from his work, was rejected below, and is not a present issue.

steering wheel. When the witness stopped his car decedent's car veered to the right and struck another parked vehicle. Decedent was bleeding from his forehead after being pulled from his car, and gasping for breath. The windshield of his car was broken. He was given mouth to mouth resuscitation by a bystander. Decedent was brought to a hospital where he was pronounced dead at 11:45 a.m. Prior to death his heart was "defibrillated" several times by the medical staff.

Dr. Van Vooren, Passaic County Medical Examiner, performed an autopsy which revealed a greatly enlarged heart, complete occlusion of the left coronary artery and 50% narrowing of the right one. Death was attributable to acute coronary thrombosis. The doctor opined the accident had nothing to do with the death. The occlusion occurred before it. However, on cross-examination, he conceded that if decedent was still alive at the time of the collision, "possibly the stress of the accident" could have contributed to the death.

Dr. Goodman, testifying for petitioner, said that while decedent was already in the throes of an impending infarction when he went to the parking lot, "an accident has a great deal of physiologic stress and strain upon a person's body * * * sudden rise in blood catachtecholamines [sic], increase in heart rate, rise in blood pressure." In his opinion this event "materially and significantly related to the ultimate outcome here, that is his death due to the acute coronary thrombosis." On cross-examination Dr. Goodman testified that the accident "reduced the probability of [decedent's] survival."

Dr. York, on behalf of respondent, opined that the accident in no way contributed to the death. This was because there was no evidence of trauma to decedent's thorax.

The judge of compensation concluded that the "process of [decedent's] non-work-connected coronary occlusion was hastened by the stress due to the trauma of the automobile accident on the school parking lot following his apparent

collapse * * *. As a matter of reasonable medical probability the auto accident also reduced the decedent's probability for survival."

We find these factual findings supportable by the proofs. As a matter of law, a work-connected trauma which "contributes in a material way to the aggravation or acceleration of the condition [heart disease] resulting in death" makes a compensable case. See *Meines v. Hy Levine Associates,* 58 *N. J.* 548, 555 (1971); *Dwyer v. Ford Motor Co.,* 36 *N. J.* 487, 512 (1962).

The parties do not dispute that while decedent was driving his car in the employer's parking lot he was in the ambit of employment. And of course it makes no difference that the ongoing heart attack precipitated the auto accident which contributed to the death. *George v. Great Eastern Food Products, Inc.,* 44 *N. J.* 44 (1965).

If, but for the automobile accident, it is probable that decedent would have lived substantially longer than the half-hour or so that he in fact survived thereafter, the death is compensable. We think this was the thrust of both Dr. Goodman's testimony and the judge's determination, although expressed in less than felicitous verbiage. We find the proof credible and we therefore affirm. *Close v. Kordulak Bros.,* 44 *N. J.* 589 (1965).

Affirmed.